# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

LARRY LASHAWN CARTER,      )
                    )
        Plaintiff,        )
                    )
      v.              )      No. 1:13CV159 JAR
                    )
CAPT. JAMES MULCAHY, et al.,    )
                    )
        Defendants.    )

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for default judgment, presumably brought pursuant to Fed.R.Civ.P. 55(b)[1]. Defendants Charla Holder, Susie Gibbs and Charles Pewitt have filed an answer and a response to plaintiff's motion.

Because the defendants have filed their answer with the Court and explained their failure to file their responsive pleading in a timely manner, the Court will deny plaintiff's motion for default judgment and allow this case to move forward.[2]

_____

[1] Plaintiff's motion seeks a "default judgment" from the Court. However, he appears to have misinterpreted Federal Rule of Civil Procedure 55. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Thus, plaintiff was required to first file a motion for an <u>entry of default</u> for the Clerk of Court pursuant to Rule 55(a), prior to motioning the Court for a default judgment under Rule 55(b).

[2] Default judgments are not favored in the law, <u>United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre</u>, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. <u>See</u> <u>Taylor</u>, 859 F.2d at 1332. "Even when a defendant is

Additionally, after reviewing the record in this case, the Court will take this opportunity to instruct plaintiff to amend by interlineation his complaint to provide the capacity (i.e., official capacity, individual capacity, or both individual and official capacities) in which he is suing each of the named defendants. See Alexander v. Hedback, 718 F.3d 762, 766 n.4 (8th Cir. 2013)(to sue a state actor in his or her individual capacity, "a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). Plaintiff is advised that he must sign the amendment to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. #20] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall amend by interlineation his complaint within thirty (30) days from the date of this Memorandum and Order, stating whether he is suing the named defendants in their official capacities,

---

technically in default, a plaintiff is not entitled to default judgment as a matter of right." 10 James Wm. Moore, et al., Moore's Federal Practice § 55.20[2][b] (3d ed. 2007). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)).

individual capacities, or both individual and official capacities, in accordance with the specific instructions set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall modify the docket to reflect the following proper names of the defendants as identified in their answers to the complaint: Susie Gibbs, Charla Holder, and Dr. Charles Pewitt.

Dated this 23rd day of January, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE