UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LARRY LASHAWN CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13CV159 JAR |
| ) | |
| CAPT. JAMES MULCAHY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its review of the record. On or around January 16, 2014, Plaintiff filed a letter with the Court stating that he did not have access to a law library for research. (ECF No. 24). The Court construes this letter as a First Amendment motion for access to the courts. To date, Defendants have not responded to this Motion.[1] Therefore, the Court orders Defendants to respond to this Motion.

On January 30, 2014, Plaintiff filed a Motion for Appointment of Counsel (ECF No. 28) and, on February 3, 2014, Plaintiff filed a letter again asking the Court for legal assistance (ECF No. 30). The Court refers to Plaintiff's Motion and letter jointly as "Plaintiff's Motion for Appointment of Counsel". With respect to Plaintiff's Motion for Appointment of Counsel, there is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief, whether the plaintiff will substantially benefit from the

---

[1] Pursuant to E.D.Mo. L.R. 4.01, a party opposing a motion must file a memorandum in opposition within seven (7) days after being served with the motion.

˘ 1 ˘

appointment of counsel, whether there is a need to further investigate and present the facts related to the plaintiff's allegations, and whether the factual and legal issues presented by the action are complex.  See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

At this point in the litigation and in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel.  In addition, the pleadings filed by Larry L. Carter indicate that he is capable of presenting the facts and legal issues without the assistance of counsel.  At this time, Plaintiff's Motion for Appointment of Counsel will therefore be denied.  If the Court later finds that Plaintiff does not have access to a law library or is otherwise unable to litigate his case, the Court may reconsider this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants are granted until **Friday, February 14, 2014**, within which to respond to Plaintiff's Motion [24].   Failure to do so will result in the Court ruling on Plaintiff's unopposed Motion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to for Appointment of Counsel [28] and [30] are **DENIED**.

Dated this 3rd day of February, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE