UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LARRY LASHAWN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13CV159 JAR |
| | ) | |
| CAPT. JAMES MULCAHY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its review of the record. On February 3, 2014, the Court issued an Order denying Plaintiff's request for counsel in this case and ordering Defendants to respond to Plaintiff's First Amendment motion for access to the courts. (ECF No. 31). Defendants responded to this Court's show cause order indicating that the Cape Girardeau County Jail maintains a library, which includes the Missouri Revised Statutes that Plaintiff requested. (ECF Nos. 32, 33).[1]

In a letter dated February 13, 2014, Plaintiff again details several issues for the Court. (ECF No. 34). First, Plaintiff renews his request for appointment of counsel. Second, Plaintiff contends that he has put in several medical requests, but he has not received a response. Finally, Plaintiff states that he does not have access to legal material and the Cape Girardeau law library is inadequate.

First, the Court notes that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by

---

[1] Medical defendants Holder, Gibbs and Pewitt also indicated that Plaintiff has a federal public defender representing him. Plaintiff, however, is pro se in this civil action.

Plaintiff, including his February 13, 2014 letter, indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Therefore, the Court will not appoint counsel at this time.

With respect to Plaintiff's medical complaints, the Court interprets this as a request to amend his complaint by interlineation. The Court does not accept amendments by interlineation.[2] If Plaintiff wishes to amend his complaint, he must include with his motion to amend a proposed complaint that includes each and every claim he wishes to bring against every defendant in this action. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

Finally, the Court orders Defendants to again respond to Plaintiff's motion for access to the courts. The Court notes that the jail officers told Plaintiff to speak with his attorney regarding his request for the Federal Rules of Civil Procedure. (ECF No. 34 at 5). This is not an appropriate response given that the Court has denied appointment of counsel and Plaintiff is pro se in this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request for appointment of counsel is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Plaintiff has until **Friday, February 28, 2014** to file an amended complaint in this action.

---

[2] Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion).

**IT IS FINALLY ORDERED** that Defendants are granted until **Friday, February 28, 2014**, within which to respond to Plaintiff's motion for access to the courts, particularly his request for legal materials.

Dated this 19th day of February, 2014.

                                                             */s/ John A. Ross*
                                                          JOHN A. ROSS
                                                          UNITED STATES DISTRICT JUDGE