UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LARRY LASHAWN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13CV159 JAR |
| | ) | |
| CAPT. JAMES MULCAHY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon its review of the record. On February 3, 2014, the Court issued an Order denying Plaintiff's request for counsel in this case and ordering Defendants to respond to Plaintiff's First Amendment motion for access to the courts. (ECF No. 31). Defendants Captain James Mulcahy, Captain Ruth Ann Dickerson, Captain Bud Proffer, and Sherriff John Jordan responded to this Court's show cause order, indicating that the Cape Girardeau County Jail maintains a library, which includes the Missouri Revised Statutes that Plaintiff requested. (ECF No. 32). On February 19, 2014, the Court again ordered Defendants to respond to Plaintiff's motion for access to the courts. The Court noted that the jail officers told Plaintiff to speak with his attorney regarding his request for the Federal Rules of Civil Procedure. (ECF No. 34 at 5).

Defendants Captain James Mulcahy, Captain Ruth Ann Dickerson, Captain Bud Proffer, and Sherriff John Jordan have again responded and indicate that the Administrator of the Cape Girardeau County Jail, Captain James Mulcahy, has instructed all correctional officers to provide the Missouri Revised Statutes and the Federal Rules of Civil Procedure for any inmate, including Plaintiff. (ECF Nos. 24 at 1, 37 at 1). To date, Plaintiff has only alleged that has not received the

Missouri State Statutes and the Federal Rules of Civil Procedure. (ECF No. 34 at 5). Given that Defendants have made these legal research items available, the Court finds that Plaintiff has not shown any prejudice and denies Plaintiff's Motion for Access to the Courts (ECF No. 24). See Jones v. James, 38 F.3d 943, 945 (8th Cir. 1994)(" a successful denial-of-access claim requires a showing of prejudice").

Plaintiff also submitted a "Responds [sic] to the Memorandum and Order," dated February 21, 2014. (ECF No. 38). Therein, Plaintiff again requests that the Court appoint him representation. Plaintiff also states that there have been additional instances where the medical staff has not treated him. Plaintiff further states that his legal mail has been opened and that he has been overcharged for copying.

To the extent that Plaintiff is requesting appointment of counsel, the Court denies Plaintiff's request. Plaintiff has repeatedly demonstrated that he understands the legal issues in this case and that he is able to articulately express his position. Plaintiff does not have a right to counsel in a civil case, and the Court finds no reason to appoint his counsel based upon the record before the Court.

With respect to Plaintiff's statements regarding his medical claims and the alleged jailhouse improprieties, the Court notes that Plaintiff cannot amend his Complaint by interlineation. See Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir.2008). The Court previously gave Plaintiff until February 28, 2014 to file a proposed amended complaint that includes each and every claim he wishes to bring against every defendant in this action. The Court gives Plaintiff an additional week, until March 7, 2014, to file a proposed amended complaint that incorporates all of Plaintiff's claims against all Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Pro Se Motion for Access to the Court [24] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel is **DENIED** at this time.

**IT IS FINALLY ORDERED** that Plaintiff has until **Friday, March 7, 2014** to file an amended complaint in this action.

Dated this 27th day of February, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE