UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY LASHAWN CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-CV-00159-JAR |
| ) | |
| CAPTAIN MULCAHY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Parties' cross motions for summary judgment (Docs. 56, 58, 62).[1] The motions are fully briefed and ready for disposition. For the following reasons, Defendants' motions (Docs. 56, 58) will be **GRANTED** and Plaintiff's motion (Doc. 62) will be **DENIED**.

## I. BACKGROUND

Plaintiff Larry Lashawn Carter filed this pro se action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. Specifically, Plaintiff asserts that Defendants Nurse Susie Gibbs, Nurse Charla Holder, and Dr. Charles Pewitt ("Medical Defendants") and Defendants Ruth Ann Dickerson, John Jordan, Captain James Mulcahy[2], and

---

[1] Pursuant to the Case Management Order in this case, Plaintiff's Motion for Summary Judgment was filed out of time (Doc. 27) ("Any motion for summary judgment must be filed no later than August 29, 2014"). However, Plaintiff filed a Motion of Discovery that appears to include a Motion for Extension of Time. For good cause shown, the Court will grant the portion of Plaintiff's Motion of Discovery that the Court construes as a Motion for Extension of Time (Doc. 61).

[2] The record reflects that this is Captain Unknown Mulcahy's full name.

1

Bud Proffer (the "Cape Girardeau Officials")[3] failed to provide him medical care for his complaints of blood in his stool and his high blood pressure while he was a pre-trial detainee in the Cape Girardeau County Jail[4].

The following facts are uncontested.[5] The Cape Girardeau County Jail contracts with Advanced Correction Healthcare to provide medical treatment for inmates (Affidavit of Nurse Susie Gibbs ("Gibbs Aff."), Doc. 57-3 ¶9). In September 2013, shortly after Plaintiff's initial detention, he reported to medical staff that he was experiencing "blood when using the restroom" (Medical Health History Form, Doc. 57-2; Gibbs Aff. ¶10). As a result, Plaintiff was placed in a segregated cell for medical observation (Gibbs Aff. ¶11). Plaintiff requested to be returned from the segregated cell to his cell (Gibbs Aff. ¶13). Plaintiff again complained of rectal bleeding and was prescribed an Anusol suppository which he took from 10/5/2013 to 10/14/13 (Gibbs Aff. ¶¶14, 15; Medication Administration Record, Doc. 57-4). During this same period, on October 10, 2013, he filed a grievance form in which he indicated that he was "still losing blood from [his] body" (Inmate Grievance Form, Doc. 57-5). As a result, he was placed under medical observation and was seen by Nurse Holder and Dr. Pewitt (Gibbs Aff. ¶16). A request for a consult with a gastroenterologist was submitted to the United States Marshall Service ("USMS")

---

[3] The official titles of the Cape Girardeau Officials are as follows: John Jordan is the Sheriff of Cape Girardeau County; Captain James Mulcahy is the Jail Administrator for Cape Girardeau County Jail, Ruth Ann Dickerson is a Captain and an administrative officer with the Cape Girardeau County Sheriff's Department; and Bud Proffer, now retired, was a Captain with the Cape Girardeau County Sheriff's Department.

[4] On February 10, 2014, Plaintiff was sentenced to 16 months imprisonment, 3 years of supervised release, and a $100 special assessment. Judgment, *United States v. Carter*, No. 1:13-cr-00017-SNLJ (E.D. Mo. Feb. 10, 2014) (Doc. 76). Accordingly, he was transferred from his pre-trial detention in the Cape Girardeau County Jail in March 2014 (Doc. 49) ultimately to FMC Lexington (Doc. 51) and now appears to be living in a residential reentry center (Doc. 68).

on October 16, 2013 (Doc. 57-6; Prisoner Medical Request Form, Doc. 60-2; Gibbs Aff. ¶17). Plaintiff was seen by the specialist on October 23, 2013 (Doc. 57-7; Gibbs Aff. ¶18). The specialist prescribed Zantac and recommended a colonoscopy (Doc. 57-6; Gibbs Aff. ¶¶18, 19). On October 24, 2013, a Prison Medical Request Form, requesting the colonoscopy within the next two weeks was submitted to USMS (Docs. 57-8, 60-3). He was administered Zantac from 10/23/13 to 11/22/13 and received a colonoscopy on 11/22/13 (Medication Administration Record, Doc. 57-4; Gibbs Aff. ¶19). Polyps removed during the colonoscopy were non-cancerous but positive for h-pylori[6] (Narrative Progress Note, Doc. 57-11). Thus, the specialist prescribed Pre-Pac for two-weeks (Narrative Progress Note, Doc. 57-11) which was administered accordingly (Medication Administration Record, Doc. 57-4). On February 30, 2014, Plaintiff again complained of blood mixed in with his bowel movement (Inmate Request, Doc. 57-13). Blood work subsequently indicated low hemoglobin levels and Plaintiff was scheduled for a follow-up visit with the gastroenterologist on March 25, 2014 (Doc. 57-14). Prior to his appointment, Plaintiff was transferred out of Cape Girardeau County Jail (Gibbs Aff. ¶29; James Mulcahy Affidavit, Doc. 60-1).

Plaintiff was also prescribed Lisinopil for high blood pressure, which was subsequently increased (Medication Administration Record, Doc. 57-4; Gibbs Aff. ¶30). On October 31,

---

[5] The facts are compiled from the Medical Defendants' Statements of Uncontroverted Material Facts (Doc. 57-1) and the Cape Girardeau Officials' Statement of Undisputed Material Facts (Doc. 60) as supported by evidence in the record. Plaintiff has not submitted a statement of undisputed material facts in support of his Motion for Summary Judgment or formally responded to either set of Defendants' statement of facts. However, the Court construes Plaintiff's rebuttal to the Affidavits of James Mulcahy and Susie Gibbs in his Motion of Discovery as a response to Defendants' statements of material facts (Doc. 61) and has accordingly considered it. As more fully addressed herein, Plaintiff's response does not create any issues of material fact as to overcome the Court's decision to grant Defendants' Motions for Summary Judgment.

[6] **Error! Main Document Only.** Helicobacter pylori (H. pylori) is a bacterial infection of the digestive tract that may cause bleeding. CTRS. FOR DISEASE CONTROL AND PREVENTION, *Helicobacter pylori* (July 1998), *available at* http://www.cdc.gov/ulcer/files/hpfacts.PDF.

2013, Plaintiff signed a refusal of medical treatment form indicating he no longer wanted to take the medication (Doc. 57-15; Gibbs Aff. ¶31).

The Parties are now before the Court on their respective Motions for Summary Judgment. The Medical Defendants argue in their Motion for Summary Judgment that they are entitled to qualified immunity and that Plaintiff's allegations are without merit because he was provided timely medical care (Doc. 56). The Cape Girardeau Officials assert that they are entitled to summary judgment because the allegations are not true, the Plaintiff has failed to present any evidence, testimony or affidavits that treatment was not timely provided, these Defendants were not in charge of his medical care, and the Defendants did not exhibit any deliberate indifference to the medical needs of Plaintiff (Doc. 58). In Plaintiff's Motion for Summary Judgment, he argues that Defendants were aware that he was losing blood and ignored this fact (Doc. 68)[7].

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or establish "that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where parties file cross-motions for

---

[7] Although Plaintiff's Motion for Summary Judgment fails to comply with the Local Rules and is untimely pursuant to the Case Management Order in this case, the Court will review it and incorporate Plaintiff's arguments

4

summary judgment, each summary judgment motion must be evaluated independently to determine whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law. *Husinga v. Federal–Mogul Ignition Co.*, 519 F. Supp. 2d 929, 942 (S.D. Iowa 2007).

### III. ANALYSIS

#### A. Deliberate Indifference

For medical care to be so inadequate that it violates constitutional rights, the conduct of the prison officials must amount to "deliberate indifference to the serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference has both subjective and objective components. A plaintiff must show (1) that he suffered from an objectively serious medical need and (2) that the prison officials actually knew of, but deliberately disregarded, that need. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). To be objectively serious, the medical need must be "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991). Negligence or medical malpractice does not constitute a constitutional violation. *Estelle*, 429 U.S. at 106. "In order to demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Allard v. Baldwin*, No. 14-1087, 2015 WL 921006, at *3 (8th Cir. Mar. 5, 2015) (internal quotation omitted) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). If the prison officials knew of a substantial risk to the

---

where relevant herein. *See* Local Rule 4.01(E) & Doc. 27.

health or safety of an inmate and respond reasonably, they are free from liability. *Farmer v. Brennan,* 511 U.S. 825, 844-45 (1994).

### 1. High Blood Pressure

In Plaintiff's amended complaint, he makes the following allegation regarding his high blood pressure: "14 days later with a lot of complaints and no help at all, plus a new life threaten[ing] health problem (High blood pressure), I have to relate to filing before they let my health break all the way down" (Doc. 40 at 2). Both sets of Defendants treat Plaintiff's statement in their respective Motions for Summary Judgment as though he intended to bring his high blood pressure as an additional claim in this case. However, in his response to the Medical Defendants' Motion for Summary Judgment, Plaintiff states, "[The Medical Defendants] have directed the court's attention to an issue (high blood pressure) that the plaintiff has never suffered. He has been tested by a multitude of different Doctors, nurses, and Jails or Prisons, and never had a high blood pressure issue. Only the Defendants have state this, but overlooked the illness that was reported to be treated (losing blood during Plaintiff's bowl movements)" (Doc. 63 at 1). Upon a close reading of the complaint and Plaintiff's response to the Medical Defendants' Motion for Summary Judgment, Plaintiff appears to use his high blood pressure as evidencing the difficulty he alleges he experienced in obtaining medical treatment for the bloody stool. Plaintiff's response could also be construed as an attempt to fully abandon the high blood pressure claim. Plaintiff's Motion of Discovery further supports this theory (Doc. 61 at 3 ("It is clearer now than ever that high blood pressure was never an issue or problem Plaintiff had")).

Regardless, in the interest of a full judicial review, the Court will evaluate the high blood pressure claim on the merits. Evidence on the record indicates that Plaintiff received high blood pressure medication, Lisinopil, that Plaintiff's dosage was increased, and that he signed a refusal

of medical treatment form indicating he no longer wanted to take the medication (Medication Administration Record, Doc. 57-4; Doc. 57-15; Gibbs Aff. ¶¶30, 31). He further admits that "Defendants were trying to treat the Plaintiff for high blood pressure, after the fact of not providing Plaintiff proper medical treatment" (Doc. 63 at 2). Viewing the evidence in the light most favorable to Plaintiff, the treatment provided was not so ineffective as to be criminally reckless and therefore does not rise to the level of deliberate indifference. Furthermore, there is no evidence that the Cape Girardeau Officials denied or delayed Plaintiff's access to medical care or intentionally interfered with the treatment once prescribed.

### 2. Bloody Stool

In his amended complaint, Plaintiff generally alleges that the Medical Defendants and the Cape Girardeau Officials failed to promptly treat his medical issue of blood in his stool. Specifically, Plaintiff asserts that without the help of Judge Blanton, he would not have received treatment.[8] "When the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment." *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (internal quotations omitted). An inmate alleging such a delay "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997). Plaintiff provides the Court with no such evidence.

Furthermore, the Court finds the course of treatment to be constitutionally adequate. "[M]ere proof of medical care is insufficient to disprove deliberate indifference. . . . [I]n cases

---

[8] The record in Plaintiff's criminal case, *United States v. Carter*, No. 1:13-cr-00017-SNLJ, includes a sealed letter referencing his medical problems and a hearing before Judge Blanton regarding the letter (Docs. 55, 56 in the criminal case). After the hearing, Judge Blanton took the matter under advisement and the record does not reflect a resolution.

7

where some medical care is provided, a plaintiff is entitled to prove his case by establishing the course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference." *Allard*, 2015 WL 921006, at *4 (internal citations and quotations omitted). The record reflects that each time Plaintiff notified officials about his medical complaint, the medical staff responded with a plan of treatment. These plans included, but are not limited to, referrals to a specialist, a colonoscopy, and medication. It appears these methods provided some relief, as Plaintiff did not file another grievance regarding his bloody stool for several months following his final round of treatment.

Finally, there is no evidence on the record that the Cape Girardeau Officials denied or delayed Plaintiff's access to medical care or intentionally interfered with the treatment once prescribed. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). Looking at the evidence in the light most favorable to Plaintiff, even if Judge Blanton had not gotten involved and the Court were to consider medical segregation not to be medical treatment *per se*, only about a month elapsed from the time he first alerted Defendants to his bloody stool and the date he first took a prescription for the issue.[9] Further, the record reflects that Plaintiff saw a specialist less than two months from his initial complaint.[10] *See, e.g., Logan v. Clarke*, 119 F.3d 647, 650 (8th Cir. 1997) (finding a three-month delay from Plaintiff's initial complaint to referral to a specialist not to be deliberate indifference to his medical needs).

The Court finds the evidence, viewed in the light most favorable to Plaintiff, demonstrates that there are not any genuine issues of material fact regarding whether the Medical

---

[9] Plaintiff first notified officials of the bloody stool in early September 2013 (Medical Health History Form, Doc. 57-2; Gibbs Aff. ¶10). As a result of a subsequent complaint, Plaintiff was prescribed an Anusol suppository which he took from 10/5/2013 to 10/14/13 (Gibbs Aff. ¶¶14, 15; Medication Administration Record, Doc. 57-4).

[10] Plaintiff saw the specialist on October 23, 2013, approximately 50 days from the date of his initial complaint (Doc. 57-7; Gibbs Aff. ¶18).

Defendants or the Cape Girardeau Officials were deliberately indifferent to Plaintiff's serious medical needs of high blood pressure and bloody stool in violation of the Eighth Amendment.

**B.   Qualified Immunity**

Qualified immunity shields public officials "from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009). To overcome a defendant's qualified immunity claim, the plaintiff must show that: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional right; and (2) the right was clearly established at the time of the deprivation." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010) (quotations omitted). "The law is clearly established if it gives the defendant officials 'fair warning' that their conduct violated an individual's rights when the officials acted." *Forrester v. Bass*, 397 F.3d 1047, 1054 (8th Cir. 2005) (citing *Hope v. Pelzer*, 536 U.S. 730, 739-40 (2002)); *see also Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (A right is "clearly established" if "a reasonable official would understand that what he is doing violates that right."). If a state official violates a clearly established constitutional right, he is not entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).

In this case, the Court has found that that the facts, viewed in the light most favorable to the Plaintiff, do not demonstrate the deprivation of a constitutional right. Further, Plaintiff only requests money damages (*See* Doc. 1 at 11). Accordingly, Defendants are entitled to qualified immunity as to Plaintiff's claims. *Curtiss v. Benson*, 583 F. App'x 598 (8th Cir. 2014) ("qualified immunity does not apply to claims for equitable relief") (quoting *Grantham v. Trickery*, 21 F.3d 289, 295 (8th Cir. 1994)).

9

As the Court has found that there are no remaining issues of material facts regarding Plaintiff's deliberate indifference claim and that Defendants are entitled to qualified immunity, the Court will grant Defendants' Motions for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.

## IV. Other Pending Motions

Plaintiff has also filed a Motion of Discovery (Doc. 61). In this motion, Plaintiff requests the Court "grant these exhibits" (Doc. 61 at 3). The exhibits at issue are his responses to the affidavits of James Mulcahy and Susie Gibbs which he includes as a part of his Motion. Plaintiff's statements do not constitute "evidence" but instead are responses to the assertions made by these affiants. *See* FED. R. CIV. P. 56(c)(1) ("Supporting Factual Positions"). It is unclear to the Court what relief Plaintiff requests. However, as previously discussed, the Court has considered Plaintiff's rebuttal to the affidavits herein. Further, the portion of this motion the Court construes as a request for additional time will be granted.

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions for Summary Judgment (Docs. 56, 58) are **GRANTED** and Plaintiff's Motion for Summary Judgment (Doc. 62) is **DENIED.** Plaintiff's case is **DISMISSED with prejudice.**

An appropriate Judgment will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion of Discovery (Doc. 61) is **GRANTED in part.**

Dated this 25th day of March, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE